SO ORDERED.

Dated: March 2, 2022

Eddward P. Ballinger Jr., Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

MINUTE ENTRY/ORDER

FOR MATTER TAKEN UNDER ADVISEMENT

| | |
|---|---|
| Bankruptcy Judge: | Eddward P. Ballinger, Jr. |
| Case Name: | Leticia Miranda-Garcia - Chapter 7 |
| Case Number: | 2:20-bk-08707-EPB |
| Subject of Matter: | Motion for Stay Relief and Abstention<br>Motion to Set Deadline for Objections to Discharge<br>Motion to Reinstate Discharge<br>Motion to Dismiss |
| Date Matter Taken Under Advisement: | January 13, 2022 |
| Date Matter Ruled Upon: | March 2, 2022 |

The following four motions are pending before this Court:

1. Creditor Gregory Best's ("Best") Motion for Stay Relief and for Court to Abstain from Adjudicating Best's Claim in CV2016-015284. Docket 66.

2. Best's Motion to Set Deadline for Objections to Discharge. Docket 70.

3. Debtor Leticia Miranda-Garcia's ("Debtor") Motion to Reinstate Discharge Order Pursuant to Rule 4004(c). Docket 74.

4. Best's Motion to Dismiss Debtor's Chapter 7 Proceedings. Docket 76.

1

I.  Factual Background

Debtor filed for Chapter 7 relief on July 28, 2020. Until the above matters were filed, she appeared *pro se*. She listed Best in her Schedules E/F as an unsecured, unliquidated, and undisputed creditor and included him on her Master Mailing List. There is no dispute that Best has been pursuing Debtor in state court since 2005 and holds a judgment against her, and others, for over $1 million, which includes a $500,000 punitive award. It is also undisputed that errors occurred in this case attributable to the Chapter 7 Trustee and Debtor. According to Best, those errors resulted in his failure to file a timely nondischargeability complaint. He admits, however, knowing of the December 18, 2020, deadline. The question is whether this Court has the authority to allow the late-filed complaint.

On July 29, 2020, pursuant to the practice in this jurisdiction, the Bankruptcy Court Clerk's Office ("Clerk's Office") mailed out Official Form 309A (docket 11) providing notice of the date of the First Meeting of Creditors ("First 341 Hearing") and the deadline for the filing of objections to discharge and dischargeability complaints ("Bar Date"). This notice scheduled the First 341 Hearing for August 31, 2020, and the Bar Date for October 30, 2020.

Six days before the First 341 Hearing, the Clerk's Office dismissed the case due to Debtor's failure to pay the filing fee. Nonetheless, Best, his apparent state court counsel, and the Chapter 7 Trustee appeared for the hearing. Because the case had been dismissed, the Trustee filed his first Report of No Distribution in a dismissed case (docket 19) with the following form language:

> I, LOTHAR GOERNITZ, having been appointed trustee of the estate of the above-named debtor(s), report that this case was dismissed or converted. I have neither received any property nor paid any monies on account of this estate. I hereby certify that the chapter 7 estate of the above-named debtor(s) has been fully administered through the date of conversion or dismissal. I request that I be discharged from any further duties as trustee. Key information about this case as

reported in schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 0 months. Assets Abandoned (without deducting any secured claims): Not Applicable, Assets Exempt: Not Applicable, Claims Scheduled: Not Applicable, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment (without deducting the value of collateral or debts excepted from discharge): Not Applicable.

Nearly a month later, Debtor filed a motion to reinstate, which this Court granted. Again, in accordance with the practice in this jurisdiction, the Clerk's Office issued a new Form 309A (docket 22) setting a new 341 Hearing ("Second 341 Hearing") for October 19, 2020, and a new Bar Date for December 18, 2020. Best, his state court counsel, and the Trustee appeared for the Second 341 Hearing on October 19, 2020; Debtor did not. It is undisputed that the Trustee stated on the record he would dismiss the case due to Debtor's failure to appear.

Seemingly consistent with his intention to dismiss the case, the Trustee again filed a Report of No Distribution in a dismissed case (docket 25) on October 26, 2020, seven days after the Second 341 Hearing, with the same form language as quoted *supra*. He did not, however, file a motion to dismiss. This was error number one.

Seven days later, the Trustee filed a Withdrawal of Trustee's Report in a Dismissed Case (docket 26) stating simply, and without explanation, that the "Trustee's Report in a dismissed case was filed in error." Fourteen days later, on November 16, 2020, Debtor and the Trustee conducted Debtor's 341 Hearing ("Third 341 Hearing"). Best did not appear. There is no dispute that neither Debtor nor the Trustee provided notice of this Third 341 Hearing to interested parties. This was error number two.

On November 23, 2020, the Trustee filed another Report of No Distribution (docket 27), this time noting that there were no funds for distribution and that the case had been fully administered. Two months later, after allowing Debtor time to file her Certification of Completion of Instructional Course Concerning Personal Financial Management, the Clerk's

3

Office closed the case and discharged the Trustee of his duties. This was followed on January 26, 2021, with a Notice that Case Was Closed Without Entry of the Discharge (docket 33) due to Debtor's failure to file her certification, notice of which was provided to Best.

Three months later, Debtor filed her Financial Management Course Certificate and a motion to reopen,[1] which the Court granted. Her discharge was entered that same day, May 4, 2021. The case was subsequently closed on May 10, 2021. Best filed his motion to reopen and vacate the discharge on June 9, 2021, which this Court granted on August 18, 2021, after considering testimony from the Chapter 7 Trustee and Debtor.

In open court, the Trustee admitted there were "snafus" in this case. He stated that shortly after Debtor missed the Second 341 Hearing, she reached out to him to explain her absence and request a continued 341 Hearing date. He told Debtor, incorrectly, that he had already dismissed her case and that it would need to be reinstated, but indicated he was willing to do so and reschedule the meeting of creditors. He and Debtor agreed on November 16, 2020, for the Third 341 Hearing. The Trustee admitted it was his obligation to notice the Third 341 Hearing and that he was unable to explain the lack of notice. He suggested it could be attributable to his office, but he also indicated it could have been court error – insisting that this was not the first time during the COVID-19 pandemic when his office had filed a document with the court that did not appear on the docket until his office contacted the Clerk's Office for correction. He further repeated his belief, consistent with his statement on the record at the Second 341 Hearing, that he had, in fact, dismissed the case. But, as the docket clearly reflects,

---

[1] Local Bankruptcy Rule 1017-1 requires a debtor to file a motion to reopen if the dismissed case has been closed. "The movant must serve the motion on the debtor, the case trustee, the United States Trustee and any interested party who has appeared in the case." While Best had appeared at the two previously scheduled 341 Hearings, he had not filed a notice of the appearance in the case, and the record reflects Debtor did not provide notice of the motion to reopen to Best.

there was no motion to dismiss or order dismissing the case, which would have been required if, in fact, the case had been dismissed. The only dismissal-related document on the record is the Trustee's October 26, 2020, Notice of No Distribution in a dismissed case, which begs the question whether the Trustee believes that filing a Notice of No Distribution in a dismissed case is equivalent to requesting or effectuating dismissal, and its subsequent withdrawal sufficient to reinstate the case. It is not.

II.   Analysis

The logical starting point in addressing the pending motions is to determine whether the deadline to file a nondischargeability complaint in this case can be extended or, perhaps more accurately, whether adversary 21-00230 can be deemed timely filed due to the above-described errors. If Best cannot pursue his nondischargeability complaint, there seems no reason to grant Best's request for stay relief or deny Debtor's motion to reinstate her discharge.

The Court believes it is also important to understand the procedural difference between setting and continuing a meeting of creditors and how the difference impacts the attendant deadlines set forth in Form 309A. When a Chapter 7 petition is filed in Arizona, the Clerk's Office issues Form 309(A) scheduling the initial meeting of creditors and setting the Bar Date. When a case is dismissed before a debtor's appearance at the meeting of creditors and is subsequently reinstated, the Clerk's Office reschedules the meeting of creditors and resets the Bar Date for objections to discharge and for the filing of nondischargeability complaints. That was done in this case when the case was reinstated, and a new Bar Date set for December 18, 2020.

A continuance of a meeting of creditors proceeds quite differently. With a continuance, depending on whether debtor has requested the continuance or the Trustee has elected to

continue the meeting, notice must be provided of the new 341 Hearing date per Local Bankruptcy Rules ("LBR") 2084-7 or 2003-1. If the Trustee elects on his own to continue the meeting of creditors, for good cause,

> the trustee must request that the Clerk provide notice of the rescheduled meeting using the applicable ECF filing event so that service can be effected by the Clerk or Bankruptcy Noticing Center. If continued the trustee will note the continued hearing date on the docket.

LBR 2084-7. If the debtor requests a continuance of the meeting of creditors, "the requesting party must immediately file a notice of the new date, time, and location, and serve that notice on all creditors and parties in interest on the master mailing list, and file a certificate of service." LBR 2003-1. Only if the reinstatement date is less than thirty days from the existing Bar Date is a new Bar Date set.

This procedure was followed for the First and Second 341 Hearings, with a new Bar Date issuing. Once Debtor failed to appear at the Second 341 Hearing, however, the Trustee had a choice on how to proceed. If the Trustee had properly completed the steps to dismiss the case as he stated on the record, the Clerk's Office would have issued an order reinstating the case and a notice of a new meeting of creditors, which would have alerted interested parties of a new sixty-day deadline for objections to discharge and nondischargeability complaints. As it was, this case was not dismissed and the existing Bar Date remained in effect.

The question is whether this failure to follow procedures excuses Best from complying with the December 18, 2020, Bar Date. As Best contends, he reasonably relied on the Trustee's statement at the Second 341 Hearing that he was going to dismiss the case, which would have rendered moot the December 18, 2020, Bar Date, and required the setting of a new Bar Date upon reinstatement of the case. A review of the docket and the Trustee's erroneous filing of the Notice of No Distribution in a dismissed case may have also led him to the mistaken conclusion

6

that the case was dismissed or in the process of being dismissed. Unfortunately, the law does not appear to allow this Court to remedy these errors.

Rules 4004(a) and 4007(c), Fed. R. Bankr. P., provide that objections to discharge and nondischargeability complaints *shall* be filed sixty days after the date set for the first meeting of creditors and that notice of the deadline needs to be provided to all creditors. The time may be extended for cause, after notice and a hearing, but such motion to extend "*shall* be filed before the time has expired." Fed. R. Bank. P. 4004(b) and 4007(c)(emphasis added). These time limits are strictly construed. Courts no longer have discretion to set the deadline or *sua sponte* continue the deadline. *In re Anwiler*, 958 F.2d 925, 927 (9th Cir. 1992), *cert. denied,* 506 U.S. 882, 113 S.Ct. 236, 121 L.Ed.2d 171 (1992).

The Ninth Circuit has recognized an exception only in "unique" or "extraordinary" circumstances." *In re Kennerly*, 995 F.2d 145, 148 (9th Cir. 1993)(citing *In re Slimick*, 928 F.2d 310 (9th Cir. 1990)); *In re Anwiler*, 958 F.2d at 927; *In re Marino*, 143 B.R. 728, 733 (9th Cir. BAP 1992), *aff'd* 37 F.3d 1354 (9th Cir. 1994). And, even then, it has recognized the exception reluctantly:

> At the outset we note that, although courts within the Ninth Circuit have indicated in dicta that there is an exception to Rule 4007(c)'s time limit for "unique" or "extraordinary" circumstances, the validity of the doctrine remains doubtful.

*In re Kennerley*, 995 F.2d at 147; *see also Anwar v. Johnson*, 720 F.3d 1183, 1188 n.6 (9th Cir. 2013)(stating the United States Supreme Court has not expressly addressed the issue and noting the existing division among lower courts); *In re Anwiler*, 958 F.2d at 926 n.2 (stating "[t]he validity of the unique circumstances doctrine is open to question."); *In re Slimick,* 928 F.2d 304, 309 n.7 (9th Cir. 1990)(stating "[r]ecent decisions of the Court have left in doubt the viability of the unique circumstances doctrine.").

"Unique" and "extraordinary" have been limited to situations in which *the court has explicitly* misled a party.[2] In the few cases in which the Ninth Circuit accorded a creditor relief, it did so where the court itself issued two separate and conflicting notices setting the Bar Date deadline.

> Allowing a court to correct its mistakes is not inconsistent with the purpose of Bankruptcy Rules 4004 and 4007. Under the prior bankruptcy rules a party requesting an extension of time after the time to file had passed could plead excusable neglect. When the new rules eliminated excusable neglect as a remedy, the parties were put on notice that they must be diligent in pursuing their claims. The intent behind the rules is not circumvented by allowing an untimely complaint to stand when a party relied on a court document sent before the deadline had expired. It would be very harsh indeed to deny equitable relief in cases where the delay in filing is not due to the fault of either party. While it is true that the Creditors could have made a motion to extend time if they were confused about the proper date for filing the complaint, Anwiler could have also asked the court for clarification. As between two innocent parties "[i]f one party must bear a loss, it should be the Debtor because he had notice of the erroneous date and had greater incentive to examine and correct the notice. It does not serve the Debtor well in equity to object to the complaint after the Claimants have reasonably relied on and complied with the erroneous notice." *Sibley,* 71 B.R. at 149.

*In re Anwiler*, 958 F.2d at 929; *see also In re Lopez*, 192 B.R. 539 (9th Cir. BAP 1996)(allowing late-filed complaint where creditor filed nondischargeability complaint after deadline set in first notice but before deadline set in second notice). In both cases, the creditor at least filed the nondischargeability complaint within one of the court-prescribed deadlines.

The Court is sympathetic to Best's predicament, but there is no evidence here of any *court* error. The fact that the Trustee neglected to do what he promised and Debtor (or the

---

[2] Tellingly, this Court has only been able to find one case in this Circuit in which a court granted relief in a situation other than one in which the court explicitly misled a party, but even then, the error was solely within the court's control. *See In re Schrag*, 464 B.R. 909 (D.Ct. Ore. 2011)(allowing untimely nondischargeability complaint due to "technical failure of court-controlled aspect of the court's electronic filing system"); *Cf. Anwar v. Johnson,* 720 F.3d 1183 (9th Cir. 2013)(denying relief where untimely filing resulted from *counsel's* difficulty navigating the electronic filing system).

Trustee as the case might be) failed to provide proper notice does not change the fact that this Court is bound by Ninth Circuit decisions that place the onus on creditors to monitor the docket and follow up on any inconsistencies. While the Court can understand how Best may have presumed the case was dismissed or been confused about whether the case was dismissed due to the Trustee's Notice of No Distribution in a dismissed case, that notice was subsequently withdrawn. The docket also never indicated the case was, in fact, dismissed prior to the Bar Date. Any confusion could have been resolved with a phone call to the Trustee or by the filing of a motion to extend the deadline.

The Court acknowledges its decision may not appear equitable and that the creditor's unfortunate situation would not have arisen if the Trustee had performed his duties competently. But the clear import of Ninth Circuit law is that an interested party must protect its rights by monitoring a case until the case is closed, even when, as here, a Trustee's actions make a "closed case" an elusive concept.

For these reasons,

IT IS HEREBY ORDERED denying Best's Motion for Stay Relief and for Court to Abstain from Adjudicating Best's Claim in CV2016-015284, Best's Motion to Set Deadline for Objections to Discharge, and Best's Motion to Dismiss Debtor's Chapter 7 Proceedings.

IT IS FURTHER ORDERED granting Debtor Leticia Miranda-Garcia's Motion to Reinstate Discharge Order Pursuant to Rule 4004(c).

Counsel for Debtor shall lodge a form of order consistent with the foregoing.